IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EDWARD L. POLLARD,

                Plaintiff,

v.

BRIANNA J. KRAFT, SANDRA DU IVES,
M.D. ROBERT DRUKER and M.D. SMITH,

                Defendants.

OPINION AND ORDER

17-cv-802-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Edward Pollard is incarcerated at the Kettle Moraine Correctional Institution. He filed this proposed civil action under 42 U.S.C. § 1983, contending that staff at the institution and the Marathon County jail violated his constitutional rights by failing to provide him adequate medical treatment for his mental illness. He also has filed a document, which although unclear, seems to be a request for assistance in recruiting counsel. Dkt. #6.

      Because plaintiff is incarcerated, his complaint must be screened under 28 U.S.C. § 1915A. After reviewing the complaint, I conclude that plaintiff may not proceed on any claim at this time because his complaint is too vague to satisfy the pleading requirements of Federal Rule of Civil Procedure 8. Therefore, I am dismissing his complaint and giving him

1

an opportunity to file an amended complaint that explains his claims more clearly. Plaintiff's motion for assistance in recruiting counsel will be dismissed without prejudice.

OPINION

Under Federal Rule of Civil Procedure 8(a)(2), plaintiff is required to provide fair notice of his claims to each defendant and set out claims that are plausible on their face. Appert v. Morgan Stanley Dean Witter, Inc., 673 F.3d 609, 622 (7th Cir. 2012); Bausch v. Stryker Corp., 630 F.3d 546, 559 (7th Cir. 2010). Plaintiff's allegations fail to comply with this standard because they are too confusing and vague to be understood. Although he says the defendants did not provide him with prompt, adequate health care (including prescription medication) for a serious mental health condition, he does not explain his condition, provide any details about it, or say what treatment or medication he should have received but did not. Moreover, he does not say why he believes the treatment was not prompt, how the lack of treatment affected him or why he believes the treatment or lack of treatment violated his rights. Finally, he does not explain specifically what action each individual defendant took that violated his constitutional rights.

Although I am dismissing plaintiff's complaint, I will give him an opportunity to file an amended complaint that gives fair notice to defendants of the claims he is asserting against them. Plaintiff should draft the amended complaint as if he were telling a story to people who know nothing about his situation. This means that someone reading the complaint should be able to answer the following questions:

(1) What is plaintiff's mental health condition?

(2) What treatment has he received for his mental illness, who provided it and when?

(3) Why does he believe defendants violated his rights with respect to treatment of his mental illness?

(4) What did each individual defendant do that makes him or her responsible for failing to treat plaintiff's mental illness?

(5) How does he think the court can help him?

Plaintiff should take care to identify the specific actions taken by each individual defendant that he believes violated his rights. He should set forth his allegations in separate, numbered paragraphs using short and plain statements. After he finishes drafting his complaint, he should review the complaint and consider whether it could be understood by someone who does not know anything about the facts of his case. If not, he should rewrite it so that a reader may understand what his suit is about.

Plaintiff states that he received inadequate medical care occurred during numerous discharges from jail and in various state correctional and county jail settings. He also has sued both state and county employees. Plaintiff should be aware that Fed. R. Civ. P. 20 does not allow a plaintiff to set out unrelated claims against different defendants or sets of defendants in the same lawsuit. Plaintiff may not include more than one defendant in a single action unless the plaintiff: (1) asserts at least one claim to relief against each defendant that arises out of the same transaction or occurrence or series of transactions or occurrences; and (2) presents questions of law or fact that apply to all. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). "To be precise: a plaintiff may put in one complaint every

claim of any kind against a single defendant, per Rule 18(a), but a complaint may present claim #1 against Defendant A, and claim #2 against Defendant B, only if both claims arise 'out of the same transaction, occurrence, or series of transactions or occurrences.'" Wheeler v. Wexford Health Sources, Inc., 689 F.3d 680, 683 (7th Cir. 2012). Unrelated claims either must be dismissed or brought in separate lawsuits. Plaintiff should be aware that he will be required to pay a separate filing fee for any additional lawsuit that he wishes to file.

If plaintiff submits an amended complaint by the deadline set forth below, I will review it. If he does not submit an amended complaint or show good cause why he is unable to do so, I will dismiss the case because plaintiff has failed to state a claim upon which relief may be granted.

Because I am dismissing plaintiff's complaint, his motion for assistance in recruiting counsel also will be denied. Although plaintiff may renew his motion if he is granted leave to proceed on a claim, he should be aware that there is no right to counsel in civil cases, Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014), so a party who wants assistance from the court in recruiting counsel must meet several requirements. Santiago v. Walls, 599 F.3d 749, 760-61 (7th Cir. 2010). Plaintiff will have to show that (1) he is unable to afford counsel; (2) he has made reasonable efforts on his own to find a lawyer to represent him, which in this court means that plaintiff must present evidence that at least three lawyers in the relevant practice area refused plaintiff's request to represent him (rejection letters from the lawyers or a declaration or affidavit from plaintiff will suffice); and (3) his is one of those relatively few cases in which it appears from the record that the legal and factual difficulty

4

of the case exceeds his ability to prosecute it.  Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007).

ORDER

IT IS ORDERED that

1.  The complaint filed by plaintiff Edward Pollard is DISMISSED under Fed. R. Civ. P. 8.  Plaintiff may have until February 2, 2018, to file an amended complaint that complies with Rule 8 as explained above.

2.  Plaintiff's motion for assistance in recruiting counsel, dkt. #6, is DENIED.

Entered this 5th day of January, 2018.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge